## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**B.R.-S.O.H. LLC (SONS OF HEMP),
RONALD JONES, II, MILES GREEN ACRES,
MELANIE FAISON, PEACE OF AMSTERDAM,
CARLOS ROGERS, TASTE BUDZZ313, AARON
HAMILTON, FAMILY TREES WELLNESS CENTER,
ATO AUSTIN, MARY JANE'S, QUANTAE HORNE,
TREVEVON FULTON, GREEN ZONE WELLNESS,
BENJAMIN MOSLEY, ROSEDALE PARK PROVISIONING
CENTER, KHARI WHEELER,**

                Plaintiffs,              Hon.

v                                      Mag. Judge

                                      Case No.

**CITY OF DETROIT ORDINANCE 31-15,**

                Defendant.

_____/

## DEFENDANT CITY OF DETROIT'S NOTICE OF REMOVAL

Defendant, the City of Detroit ("the City"), hereby removes the action

entitled "B.R.-S.O.H (Sons of Hemp), et al v City of Detroit Ordinance 31-15,"

Wayne County Circuit Court Case 16-004201- CZ, to this Honorable Court

pursuant to 28 U.S.C. §§1441(a) and (c) and 1443. In support of this removal,

Defendant states:

    1.    Plaintiffs filed this action on April 1, 2016, in the Wayne County

Circuit Court, in propria persona, alleging that the City of Detroit's medical

marihuana ordinance, Ordinance 31-15, passed December 17, 2015, was unlawful

in several respects.

2.    On that date, Plaintiffs filed (1) a "Complaint Against the City of Detroit for the Issuance of Ordinance 31-15 in Violation of the Constitution;" (2) a "Brief in Support of the Complaint;" and (3) a "Petition for Temporary Restraining Order and/or Preliminary Injunction Against Ordinance 31-15."

3.    Plaintiffs' Complaint relies on rights supposedly emanating from the Fourteenth Amendment of the United States Constitution.

4.    Plaintiffs' brief in support of their complaint also makes repeated references to the First and Fourteenth Amendments to the United States Constitution.

5.    Plaintiffs' Petition for Temporary Restraining Order also seeks relief based on the First and Fourteenth Amendments to the United States Constitution.

6.    On April 7, 2016, Plaintiffs filed an Amended Complaint.    This pleading also attempts to state several causes of action based on federal law.    For example, the Amended Complaint alleges that the City of Detroit's medical marihuana ordinance violates the First and Fourteenth Amendments to the United States Constitution, and that the City of Detroit has violated 42 USC Sections 1983 - 1985.

7.    Plaintiffs did not serve any pleadings on the City until April 15,

2016.

     8.    Because Plaintiffs base their state court lawsuit on the United States Constitution and 42 U.S.C. § 1983, and other federal laws or statutes, Defendant removes this action to this Court, invoking the Court's federal question jurisdiction.

     9.    In accordance with 28 U.S.C. §§1331, this Court has original jurisdiction of this civil action.   In accordance with 28 U.S.C. §§1441(a) and (c) and 1443, and this Court's pendent jurisdiction, it is removed in its entirety to this Court.

     10.   Copies of all process, pleadings and orders served upon the City in the Wayne County action are attached.   For the Court's convenience, the City has also attached a copy of the Circuit Court docket sheet in the case, listing all of the documents filed or issued in the case.

     11.   The City has prepared a written notice of the removal of this action, addressed to all parties to the Wayne County action and to the Clerk of the Wayne County Circuit Court.   Promptly after filing this Notice of Removal of Civil Action, the City will file that written notice with the Clerk of the Wayne County Circuit Court will mail that notice by first class mail to all parties to the Wayne County action.

Respectfully submitted,

S/Eric B. Gaabo (P39213)
gaabe@detroitmi.gov
Attorney for Defendant
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3052

Dated:    April 26, 2016

## CERTIFICATE OF SERVICE:

## DEFENDANT CITY OF DETROIT'S NOTICE OF REMOVAL

I state that on April 26, 2016, I filed Defendant City of Detroit's Notice of Removal electronically with the U.S. District Court for the Eastern District of Michigan in this matter.   I served this document upon Plaintiffs, who, upon information and belief, are not registered filers under the Court's e-filing system, by mailing this document to the following persons and entities at the following addresses:

| | | |
|---|---|---|
| Ato Austin | Family Trees Wellness Center | 19613 Van Dyke, Detroit, MI 48234 |
| Melanie Faison | Miles Green Acres | 19010 Woodward Avenue, Detroit MI 48203 |
| Trevevon Fulton | Family Trees Wellness Center | 19741 W. Seven Mile Road, Detroit, MI 48234 |
| Aaron Hamilton | Taste Budz313 | 12829 Harper, Detroit, MI 48213 |
| Quantae Horne | Mary Jane's | 7114 W. Seven Mile Road, Detroit, MI 48221 |
| Ronald Jones, II | Sons of Hemp | 6500 E. Warren, Detroit, MI 48207 |
| Benjamin Mosley | Green Zone Wellness | 13707  W. McNichols, Detroit, MI 48235 |
| Carlos Rogers | Peace of Amsterdam | 18665 8 Mile Road, Detroit, MI 48219 |
| Khari Wheeler | Rosedale Park Provisioning Center | 18211 W. McNichols, Detroit, MI 48219. |

S/ Eric B. Gaabo (P39213)
gaabe@detroitmi.gov
Attorney for Defendant
1650 First National Building
Detroit, MI 48226
(313) 237-3057

Dated: April 26, 2016

Skip to Main Content Logout My Account Search Menu New Case Search Refine
Search Back

Location : Non-Criminal Cases  Images  Web Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 16-004201-CZ

| PARTY INFORMATION | | |
| --- | --- | --- |
| | | **Lead Attorneys** |
| **Defendant** | **The City Of Detroit** | |
| **Plaintiff** | **Austin, Ato** | Pro Se |
| **Plaintiff** | **Faison, Melanie** | Pro Se |
| **Plaintiff** | **Fulton, Trevevon** | Pro Se |
| **Plaintiff** | **Hamilton, Aaron** | Pro Se |
| **Plaintiff** | **Horne, Quantae** | Pro Se |
| **Plaintiff** | **Jones, Ronald** | Pro Se |
| **Plaintiff** | **Mosley, Benjamin** | Pro Se |
| **Plaintiff** | **Rogers, Carlos** | Pro Se |
| **Plaintiff** | **Wheeler, Khari** | Pro Se |

| EVENTS & ORDERS OF THE COURT | |
| --- | --- |
| | OTHER EVENTS AND HEARINGS |
| 04/01/2016 | Complaint, Filed |
| 04/01/2016 | Service Review Scheduled |
| 04/01/2016 | Status Conference Scheduled |
| 04/01/2016 | Case Filing Fee - Waived |
| 04/07/2016 | Amended Complaint - Party |
| 04/15/2016 | Proof of Service, Filed |
| 04/15/2016 | Summons Not Served, Filed |
| 04/19/2016 | Order to Show Cause, Signed and Filed |
| 05/20/2016 | Show Cause Hearing (9:00 AM) (Judicial Officer Murphy, John A.) |
| 07/01/2016 | Status Conference (8:15 AM) (Judicial Officer Murphy, John A.) |

## IN THE THIRD CIRCUIT COURT
## STATE OF MICHIGAN

B.R. – S.O.H. LLC (Sons of Hemp)
Ronald Jones, II
6500 E. Warren Detroit MI;
Miles Green Acres Melanie Faison
19010 Woodward Ave Detroit MI;
Peace of Amsterdam
Carlos Rogers
18665 8 Mile rd Detroit MI;
Taste Budzz313
Aaron Hamilton
12829 Harper Ave Detroit MI;
Family Trees Wellness Center
Ato Austin
19613 Vandyke Detroit MI;
Mary Janes
Quantae Horne
7114 W. Seven Mile rd Detroit MI;
Family Trees Wellness Center
Trevevon Fulton
19741 W. 7 mile rd Detroit MI;
Green Zone Wellness
Benjamin Mosley
13707 W. Mcnichols rd Detroit MI;
Rosedale Park Provisioning Center
Khari Wheeler
18211 W. Mcnichols;
**PLAINTIFFS**

Vs

City of Detroit Ordinance 31-15
**DEFENDANTS.**

# COMPLAINT AGAINST THE CITY OF DETROIT FOR THE ISSUANCE OF ORDINANCE 31-15 IN VIOLATION OF THE CONSTITUTION.

## STATEMENT OF THE CASE

COMPLAINT OF THE ISSUANCE OF AN ORDINANCE IN VIOLATION OF THE CONSTITUTION.

## STATEMENT OF THE CASE

This case concerns the City Council of Detroit (the "City") efforts to compel Plaintiff's who own and operate a small businesses to conduct their business in violation of their sincerely held constitutional beliefs that the ordinance violates the equal protection under the law and due process laws of the 14th Amendment, the ex post facto clause, and their sacred property right for an individual to operate a local pharmacy, as well as vows, and their consciences. The Plaintiff's have been happily in business before the law was passed and have served as ordained healers of the International community. Sons of Hemp (the Plaintiff) for over 20 years, respectively. It serves as an extension of the Plaintiff's "sincerely held religious beliefs" by facilitating their mission, as ministers, to "help people create, celebrate, and build better health as defined by the Holy Bible." Id. But the City characterizes this centuries-old religious mission as drugs and that id. "discrimination" and its City Attorney's Office have publicly threatened to enforce City (the "Ordinance") against the plaintiff's if they continue to perform their cultural, religious and spiritual beliefs.

The City's Ordinance demonstrates discrimination in places of public accommodation and subjects the Plaintiff's to imprisonment and fines for each day they do business under the unconstitutional ordnance, but in accordance with their sincerely held belief that herbal remedies is a sacred union between our Creator and the people. The City thus compels the Plaintiff's to either (1) undergo imprisonment and onerous fines, or (2) sacrifice their fundamental rights to free speech, free exercise, substantive due process, and equal protection.

On March 1st, after a naturopathic and healing law for all businesses for all medical caregivers, the mostly black businesses owners became illegal in Michigan, a prospective customer called and asked if the Plaintiff's had a constitutional and human right to continue the business, as the laws were passed in retaliation of the few African Americans who started an independent business and, in accordance with their sincerely held religious beliefs, the Plaintiff's filed this temporary restraining order.

This is because for this single act, the Ordinance subjects the Plaintiff's to jail and fines. The Ordinance also provides that each day the Plaintiff's continue to decline to honor the unconstitutional statute they commit a separate and distinct misdemeanor, subject to the same penalties. Thus, years of incarceration and thousands of dollars of fines will accrue to the Plaintiff's in a matter of days over their decision to decline honor the illegal and unconstitutional statute, let alone additional requests they will

decline in the coming days. This Court's immediate intervention is urgently needed to forestall the Plaintiff's loss of their liberty and their livelihood. Plaintiffs respectfully request that the Court issue a temporary restraining order enjoining the Ordinance's application to the Plaintiff's and their closely-held business while this case is ongoing.

Respectfully Submitted,

3·31-16

Ronald Jones II.

## IN THE THIRD CIRCUIT COURT
## STATE OF MICHIGAN

B.R. – S.O.H. LLC (Sons of Hemp)
Ronald Jones, II
6500 E. Warren Detroit MI;
Miles Green Acres Melanie Faison
19010 Woodward Ave Detroit MI;
Peace of Amsterdam
Carlos Rogers
18665 8 Mile rd Detroit MI;
Taste Budzz313
Aaron Hamilton
12829 Harper Ave Detroit MI;
Family Trees Wellness Center
Ato Austin
19613 Vandyke Detroit MI;
Mary Janes
Quantae Horne
7114 W. Seven Mile rd Detroit MI;
Family Trees Wellness Center
Trevevon Fulton
19741 W. 7 mile rd Detroit MI;
Green Zone Wellness
Benjamin Mosley
13707 W. Mcnichols rd Detroit MI;
Rosedale Park Provisioning Center
Khari Wheeler
18211 W. Mcnichols;
**PLAINTIFFS**

Vs

City of Detroit Ordinance 31-15
**DEFENDANTS.**

# BRIEF IN SUPPORT IN SUPPORT OF COMPLAINT

## STATEMENT OF FACTS

# BRIEF IN SUPPORT IN SUPPORT OF COMPLAINT

## STATEMENT OF FACTS

The Plaintiff's believe that the supreme good which this and everything comes from has called them as State of Michigan registered and thus ordained caregivers as ministers to bless society by uniting people in healthy medical alternative treatment plans, in the cultural which is between the people and their creator, and also hold these truth to be self evident that all men are created equal, as the founding Fathers of this country did. The Plaintiff's are new era evangelical healers who hold to historic cultural and religious beliefs, such as the Rastafarians, Hebrew Israelites, and other African American spiritual movements including that "God created herb and it is and was good. See Genesis 1;29-31, Holy Bible.

This is to establish that the ordnance attempted to place the businesses as violating drug free zones, when a chemical pharmacy or church would not be vilified and demonized by the cities ordnance. That as a result of these facts that the ordnance violates the equal protection under the law, due process, and ex post facto clauses of the U.S. Constitution , as well as the Michigan State laws and statutes..

The businesses of the Plaintiff's community called the Sons of Hemp, have come together as African Americans, to secure their International respect as human beings, but to also make clear that "herb is a biblical covenant relationship between a man and this earth established initially by God." See Genesis 1;29-31. For sake of brevity, the Plaintiff incorporates by reference the Verified Affidavits and a more complete statement of facts and provides an abbreviated summary.

Caregivers in other States as respected and ordained ministers of health, like the Plaintiffs, have a medical duty to administer medical herbs to patients and the ordnance unduly punishes them as well. In, essence the ordinance, is an infringement on constitutional rights and cultural norms in an attempt at criminalizing a medical profession with a drug zone determination, in just another racist move against people of color in attempt at moving them out of their industry. It is a fact that these businesses existed before the adverse ex post facto law.

Over the course of their ministry, the Plaintiff's have served thousands of patients. But, in keeping with their medical and cultural beliefs, the Plaintiff's have declined to offer services to those with medical clearance. Because, the City Attorney Office's has asserted that this practice violates the Ordinance, which makes it a crime practice what is allowed in this State and other states.

Thus, this request for a TRO is to challenge the illegal zoning designed to destroy African American and businesses of color. The Ordinance defines their business of public accommodation very broadly to

include a drug a criminal reference to the medical industry, incorporating a failed war on crime policy, and any public place ... kept for gain, hire or reward, or where charges are made for ... use of any property or facilities, is legal, such as pharmacy's or churches or for the rendering of personal services, but not for the Plaintiff's, based on a racist ordnance that violates the 14th Amendment.

The Plaintiff's assert that they should not be forced to comply with the Ordinance because implementing the ordnance would violate the ex post facto clause , due process and the equal protection under the law clauses of the constitution, based on the damages that the Plaintiff's would suffer. The City's Ordinance thus seeks to compel the Plaintiff's to administer an ordinance against their constitutional rights to property —earn a living—in a manner that that does not violate their constitutional rights, their beliefs and their scientifically proven teachings, i.e., between members of the medical community. Doing so would force them to engage in what they believe is a human rights violation and by illegal conduct. That risks constitutional discipline established by the 14th Amendment, and by the possible revocation of their caregivers ability to earn a living, and major cost at moving. In addition to this incalculable financial medical and spiritual toll, the Ordinance would end the Plaintiff's medical ministry by literally putting them out of business, based on the ordnance not providing for the time and resources to move in the first place.

## STANDARD OF REVIEW

"The standard for obtaining a preliminary injunction or a temporary restraining order is the same. In either case, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief, (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest." Idaho v. Coeur d'Alene Tribe, No. 2:14-CV-00170, 2014 WL 4389839, at *9 (D. Idaho Sept. 5, 2014). Provided all four requirements are met, the Court may "apply a sliding scale test" under which "a stronger showing of one element may offset a weaker showing of another." Id. For example, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the ... test are also met." Morgan Keegan & Co. v. Drzayick, No. 1:11-CV-0126, 2011 WL 5403031, at *3 (D. Idaho Nov. 8, 2011) (quotation omitted).

## ARGUMENT

I.    Plaintiffs Are Likely to Succeed on the Merits of Their Claims. A. Application of the Ordinance to the Plaintiff's and Their Ministry Violates Their Rights to Freedom of Speech.

The First Amendment's free speech protections undoubtedly apply to the spoken word. Texas v. Johnson, 491 U.S. 397, 406 (1989) (noting the Constitution's particularly strong protection of the "spoken word"). And "private religious speech," including the Plaintiff's speech in conducting marriage ceremonies as ordained ministers, "is as fully protected under the Free Speech Clause as secular private expression." Capital Square Review & Advisory Bd. v. Pinette, 515 U.S. 753, 760 (1995). Here, the Ordinance triggers strict scrutiny under the Free Speech Clause by compelling the Plaintiff's to bless, and thus express approval of, same-sex marriages that run contrary to their religious beliefs, and by subjecting them to jail time and extensive fines unless they adopt a pro-same-sex-marriage viewpoint. The Ordinance cannot overcome that standard because it furthers no compelling interest and is far from narrowly tailored. A temporary restraining order is therefore justified in this case

1. The Ordinance Unlawfully Compels the Plaintiff to Bless the ordinance In Violation of Their Religious Beliefs.

The First Amendment's purpose is to maintain "an open marketplace" of ideas "about political, economic, and social issues," such as same-sex marriage, in which differing perspectives "can compete freely for public acceptance without improper government interference." Knox v. Serv. Emps. Int'l Union, Local 1000, 132 S. Ct. 2277, 2288 (2012) (quotation omitted). One way in which government improperly interferes with this marketplace of ideas is by "compel[ling] the endorsement of ideas that it approves." Id. That is precisely what the Ordinance does here. It requires the Plaintiff's to exept themselves as criminal, against their constitutional and religious beliefs, on pain of prison time and substantial fines. It is "a basic First Amendment principle that freedom of speech prohibits the government from telling people what they must say." Agency for Int'l Dev. v. Alliance for Open Soc. Int'l, Inc., 133 S. Ct. 2321, 2327 (2013) (quotation omitted). The City is free to adopt the view "that discrimination on the basis of sexual orientation and gender identity/expression" is wrong and to promote that belief with its own publically correct speech. (A). But "'no official, high or petty, can prescribe what shall be orthodox in politics, religion, or other matters of opinion or force citizens to confess by word or act their faith therein.'" Agency for Int'l Dev., 133 S. Ct. at 2332 (quoting W. Va. State Bd. of Educ. v. Barnette, 319 U.S. 624, 642 (1943)) (emphasis added).

This would plainly violate the Plaintiff's constitutional and religious beliefs, and their free speech right to choose "'what to say and what not to say,'" Knox, 132 S. Ct. at 2288 (quoting Riley v. Nat'l Fed. of Blind of N.C., 487 U.S. 781, 797 (1988)). Thus, the compelled-speech doctrine undoubtedly applies here. The Ordinance straightforwardly requires the Plaintiff's to stop communicating their religious message that the people are equal and have a right to provide herbs in their community to "personally

speak the government's message" through words and acts affirming that they service is criminal is immoral and that refusing to allow the Plaintiff's to conduct such business is wrong. Rumsfeld v. Forum for Academic & Institutional Rights, Inc. ("FAIR"), 547 U.S. 47, 63 (2006). It also requires the Plaintiff's "to host or accommodate another speaker's message,". Id. Neither is permissible under the Free Speech Clause.

The First Amendment protects the Plaintiff's "autonomy to choose the content of [their] own message." Id. (quoting Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos., Inc., 515 U.S. 557, 573 (1995)). Through their property rights and their refusal to co sign the unconstitutional ordnance the Plaintiff's have unmistakably communicated a message that medical herb is a sacred. But the Ordinance seeks "to inhibit [the Plaintiff's] expression of [their] views in order to promote" the City's contrary view. Pac Gas & Elec. Co. v. Pub. Utils. Comm'n of Cal., 475 U.S. 1, 20 (1986).

This effort to "alter [the Plaintiff's] message as a consequence of the government's coercive action" in the form of threatened imprisonment and substantial fines "is a proper object of First Amendment solicitude" because it "advance[s] some points of view by burdening the expression of others." Id. at 16, 20. Joining same-sex couples in holy matrimony would not only involve the City's "outright compulsion of speech" contrary to the Plaintiff's' beliefs, Johanns v. Livestock Marketing Ass'n, 544 U.S. 550, 557 (2005), it would also require the Plaintiff's to "pledge allegiance to the [City's] policy of" eradicating all distinctions related to sexual orientation, Agency for Int'l Dev., 133 S. Ct. at 2332. They could never again effectively communicate their cultural and medical message that herb is an alternative medical treatment because of the "evident hypocrisy" of the constitution saying one thing and the city doing another.

The City cannot simply waive its regulatory wand and transform the Plaintiff's from proponents and administrators of the religious ordinance of well-ness centers into instruments of its subversion. Government, at all levels, is barred from turning private individuals into "instrument[s] for fostering public adherence to an ideological point of view [they] find[] unacceptable." Wooley v. Maynard, 430 U.S. 705, 715 (1977) (holding the government may not force a couple to display a disagreeable motto on their license plate). Requiring "the utterance of a particular message favored by the [g]overnment" has long been held to violate the First Amendment. Turner, 512 U.S. at 641. 2 It makes no difference that the Plaintiff's charge a small fee for their services. "[A] speaker is no less a speaker because he or she is paid to speak." The Plaintiff have the Free Speech right "to refuse to foster ... an idea they find morally objectionable," Wooley, 430 U.S. at 715, including the concept that same-sex marriage is religiously valid. Their choices about what marriage is, what "merits celebration" as ordained by God, and what

should be religiously blessed are "presumed" to lie "beyond the government's power to control." Hurley, 515 U.S. at 574-75; Wooley, 430 U.S. at 714 (recognizing citizens possess "the right to speak freely and the right to refrain from speaking at all"). In short, the City must propagate its views through a coalition of the willing, not an army of the conscripted. See Turner, 512 U.S. at 641-42. 2. The Ordinance is a Content and Viewpoint Based.

2. The Ordinance is a Content and Viewpoint Based Regulation of vulnerable races in violation of the 14th Amendment, Equal justice under the law and Speech clauses and their Application to the Plaintiff's is Presumptively Invalid.

"Laws designed or intended to suppress or restrict the expression of specific speakers contradict basic First Amendment principles." United States v. Playboy Entm't Grp., Inc., 529 U.S. 803, 812 (2000). Indeed, any "[g]overnment action that stifles speech on account of its message ... pose[s] the inherent risk that the [g]overnment seeks not to advance a legitimate regulatory goal, but to suppress unpopular ideas or information or manipulate the public debate through coercion rather than persuasion." Turner, 512 U.S. at 641. "Discrimination against speech because of its message is [thus] presumed to be unconstitutional." Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 828 (1995). The Free Speech Clause bars government "from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." Id. at 829. Here, the City seeks to "prohibit what [the Plaintiff's] want to do—provide medical and spiritual herbs. The Ordinance targets only dissenters like the Plainrtiff's, the people of color, for regulation and censure thus "burden[ing] disfavored speech by disfavored speakers." Sorrell v. IMS Health Inc., 131 S. Ct. 2653, 2663 (2011). The government may not do this regardless of "the particular mode in which [the Knapps choose] to express an idea," Johnson, 491 U.S. at 416, here, administering medical herbs to medical patients. An essential holding of the First Amendment is that the government may not "suppress, disadvantage, or impose differential burdens upon speech because of its content." Turner, 512 U.S. at 642. Because the City designed the Ordinance to "target" those vulnerable African American businesses is immoral "and their messages for disfavored treatment," it "goes even beyond mere content discrimination to actual viewpoint discrimination." Sorrell, 131 S. Ct. at 2663. Rather than simply having "an effect on speech," the law is "directed at certain content," i.e., speech that doesn't affirm s, to declare that distinctions related to race (A), makes it quite "apparent that [the law] imposes burdens that are based on the content of speech and that are aimed at a particular viewpoint," Sorrell, 131 S. Ct. . B. Forcing the Plaintiff's to Comply With the Ordinance Violates their Fundamental Right to the Free Exercise of Religion, based on the practiced of an excepted culture "[B]elief and action cannot be neatly confined in logic-tight compartments." Wisconsin v. Yoder, 406 U.S. 205, 220 (1972). The Free Exercise Clause "not only 'forestalls

compulsion by law of the acceptance of any creed or the practice of any form of worship' but also 'safeguards the free exercise of the chosen form of religion.'" United States v. Ballard, 322 U.S. 78, 86 (1944)

The practice of herbology has been established as a religious right. Freely exercising one's religion "unquestionably encompasses the right to preach, proselyte, and perform other similar religious functions," including performing religious marriage rituals, in short, "to be a minister of the type" the Knapps have been for decades. McDaniel v. Paty, 435 U.S. 618, 626 (1978). Applying the Ordinance to the Knapps violates this fundamental right, which "may not be submitted to vote" and does not "depend on the outcome of ... elections" to the City Council or any other public office. Barnette, 319 U.S. at 638.

Applying the Ordinance to the Plaintiff's Constitutes Unlawful State Interference With Religious Affairs. The Free Exercise Clause uniformly forbids a body of government from (1) compelling "affirmation of [a] religious belief," (2) punishing "the expression of religious doctrines it believes to be false," (3) imposing "special disabilities on the basis of religious views or religious status," and (4) lending "its power to one or the other side in controversies over religious authority or dogma." Emp't Div., Dep't of Human Res. of Or. v. Smith, 494 U.S. 872, 877 (1990).

Applying the Ordinance to the Plaintiff's violates their free exercise rights in all four ways. Forcing the Plaintiff's, as ordained caregivers, to move would compel them to affirm a constitutional belief they do not hold, i.e., that it is no right property, no due process right, and the suspension of the ex post facto clause. This the City may not do what it wants in violation of these rights.

The constitution protects the free enterprise system and the free exercise with the ability "to engage in certain key religious activities, including the conducting of worship services and other religious ceremonies and rituals, as well as the critical process of communicating the faith" in manner that conforms with their religious beliefs, Hosanna-Tabor, 132 S. Ct. at 711- 12. Government interference in such sensitive areas of religious practice is clearly impermissible, as the Constitution renders "[m]an's relation to his God ... no concern of the state." Ballard, 322 U.S. at 87.

By applying the Ordinance to the Plaintiff's the City seeks to punish their expression of orthodox medical and cultural views and failure to adopt the City's moral position that all distinctions related alternative medicine and its orientation are wrong. But see Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2778 (2014) (noting that the government cannot resolve "difficult and important question[s] of religion and moral philosophy"). And the City does so by imposing special disabilities, in the form of jail time and substantial fines, on the Plaintiff's and their medical ministry. Such blatant efforts to lend the

City's power to those with progressive theological views about what is a human right and to imprison and fine those who disagree cannot stand under the Firs tand Fourteenth Amendment. See Hosanna-Tabor, 132 S. Ct. at 704 (noting that the Supreme Court's precedent "radiates ... a spirit of freedom for religious organizations, an independence from secular control or manipulation—in short, power to decide for themselves, free from state interference, matters of ... faith and doctrine" (quotation omitted)).

2. Because the Ordinance is Neither Neutral Nor Generally Applicable, Its Application to the Plaintiff Triggers Strict Scrutiny. Outside of the ministerial context discussed above, the Free Exercise Clause subjects. A closely-held corporation's free exercise rights are synonymous with those of its owners. See Hobby Lobby, 134 S. Ct. at 2768 ("protecting the free-exercise rights of corporations ... protects the religious liberty of the humans who own and control those companies"); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1120 (9th Cir. 2009) (characterizing a closely-held corporation as "the instrument ... by which [the owners] express their religious beliefs"). It should be noted that laws that burden religiously-motivated conduct to strict scrutiny if they are either not generally applicable or not religiously neutral. Smith, 494 U.S. at 879.

The Ordinance's application to the Plaintiff is unlawful under this standard as well. First, unlike most "across-the-board criminal prohibition[s] on a particular form of conduct," id. at 884, the Ordinance does not apply generally to all members of society in the same way. It contains two broadly worded exceptions for (1) "[r]eligious corporations, associations, educational institutions, or societies," and (2) "expressive association[s] whose employment of a person protected by this chapter would significantly burden the associations' right of expressive association under Boy Scouts of Am. v. Dale, 530 U.S. 640 (2000)." City Code § 9.56.040(B). Such exemptions "are of paramount concern when a law has the incidental effect of burdening religious practice," which the Ordinance—at a minimum—unquestionably does here. Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 542 (1993); see also Fraternal Order of Police Newark Lodge No. 12 v. City of Newark, 170 F.3d 359, 365 (1999) (Alito, J.) (explaining that concerns regarding the discriminatory effects of "individualized exemptions" are magnified by "categorical" exclusions). For the government cannot refuse to extend a system of exemptions "to cases of 'religious hardship' without compelling reason." Smith, 494 U.S. at 884. The City, in this case, has no legitimate reason—compelling or otherwise—for granting a religious exemption from the Ordinance to other religious organizations, as well as secular expressive associations, but denying one to the Plaintiff's, that is the essence and bottom line of the relief that the Plaintiff's seek

Hence, the Ordinance is not generally applicable and it is subject to strict scrutiny as applied to the Plaintiff's. Second, the City has recognized—explicitly—that the morality of same-sex marriage is an

important religious question for many citizens. That is why it should be exempted in most medical herbal organizations from the Ordinance's ban on medical herbs as drugs. See City Code. "[M]any religions recognize marriage [in particular] as having spiritual significance." Turner v. Safley, 482 U.S. 78, 96 (1987); see also id. (noting that "marriage may be an exercise of religious faith as well as an expression of personal dedication"). The City consequently exempts most pharmacy groups from the Ordinance's restrictions on places of public accommodation to dispensaries . Yet it has refused to do the same for the Plaintiff's as pharmacies and their medical ministry. See Blackhawk, 381 F.3d at 209 (explaining that for a law to be "neutral" it must "not target religiously motivated conduct either on its face or as applied in practice"). In so doing, the City has engaged in the "differential treatment of two religions," which is—by definition—not religiously neutral. Lukumi, 508 U.S. at 536; see also id. at 536 (recognizing that exempting kosher slaughterhouses but not other religious killings from a ban on animal cruelty is not religiously neutral and may constitute "an independent constitutional violation"). The Free Exercise Clause prohibits the City from "preferring some religious groups over" the Plaintiff's medical ministry. Fowler v. Rhode Island, 345 U.S. 67, 69 (1953). Indeed, the Supreme Court has long held that government may "effect no favoritism among sects." Larson v. Valente, 456 U.S. 228, 246 (1982). Religious discrimination is inherent in the City's attempt "to say that some religiously motivated [groups]—the ones picked by the government—are exempt while others are not." Conestoga Wood Specialties Corp. v. Sec. of U.S. Dep't of Health Case & Human Servs., 724 F.3d 377, 415 (3d Cir. 2013) (Jordan, J., dissenting), rev'd by Hobby Lobby, 134 S. Ct. 2751 (2014). This lack of neutrality triggers strict scrutiny, the "most rigorous" standard known to constitutional law, Lukumi, 508 U.S. at 546, and one the Ordinance—as applied to the Plaintiff's—simply cannot overcome.

The Ordinance's Application to the Plaintiff's Also Triggers Strict Scrutiny Under the Hybrid-Rights Doctrine. Regardless of whether a law is neutral and generally applicable, it triggers strict scrutiny under the Free Exercise Clause if it burdens the free exercise of religion "in conjunction with other constitutional protections, such as freedom of speech." Smith, 494 U.S. at 881. "[T]o assert a hybrid-rights claim, a free exercise plaintiff must make out a colorable claim that a companion right has been violated—that is, a fair probability or likelihood, but not a certitude of success on the merits." Miller v. Reed, 176 F.3d 1202, 1207 (1999) (quotation omitted).

Plaintiffs have amply made that showing here. As explained above, the Ordinance violates the Plaintiff's ex post facto cluse, because the business was running before the oppressive ordance, as well as the equal protection and free speech rights by compelling them to express a message favorable establishment ran by the pharmacy companies that want to keep the people addicted , Smith, 494 U.S. at 882 (citing as hybrid-rights examples compelled speech precedents like Wooley and Barnette that "also

involved freedom of religion"), and by discriminating against their religious viewpoint that marriage is only between a man and a woman. It further violates, as explained below, the Plaintiff's' substantive due process rights to earn a livelihood from their chosen profession free from unreasonable governmental interference. Strict scrutiny thus applies and the City cannot show that applying the Ordinance to the Plaintiff's satisfies that demanding test.

The Unconstitutional Conditions Doctrine Forbids the Ordinance's Application to the Plaintiff's. Under the unconstitutional conditions doctrine, the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." Perry v. Sindermann, 408 U.S. 593, 597 (1972); see also Alliance, 133 S. Ct. at 2328 (same). For this would "allow the government to produce a result which it could not command directly" by penalizing ... the exercise of citizen's constitutional rights. Perry, 408 U.S. at 597 (quotation and alteration omitted). The government thus violates the Constitution not only by prohibiting "the exercise of First Amendment rights," but also by "'deter[ring], or chilling'" their exercise. Bd. of Comm'rs, Wabaunsee Cnty. v. Umbehr, 518 U.S. 668, 674 (1996) (quotation omitted). The City is prohibited from placing "conditions on public benefits ... which dampen the exercise generally of First Amendment rights, however slight the inducement to the individual to forsake those rights." Elrod v. Burns, 427 U.S. 347, 358 n.11 (1976). And the Ordinance's inducements for the Plaintiff's to forsake their free exercise and free speech rights in order to maintain the public benefit of operating a closely-held business are far from "slight."

Loss of liberty is one of the most extreme sanctions the government has to offer and thousands of dollars in fines would quickly lead to the Plaintiff's financial ruin. By making it impossible for the Plaintiff's to enjoy the generally available right of citizens to own and operate a business and make a living through their chosen vocation, and "exercise ... simultaneously" their fundamental rights to free speech and the free exercise of religion, the City has violated the unconstitutional conditions doctrine. McDaniel, 435 U.S. at 626. As the Supreme Court explained long ago, conditioning "the availability of benefits ... upon [the P laintiff] willingness to violate a cardinal principle of [their] religious faith by surrendering [their] religiously impelled ministry effectively penalizes the free exercise of [their] constitutional liberties." Id. (quotation and alteration omitted).

Applying the Ordinance to the Plaintiff's Further Violates the Michigan Free Exercise of Religion, which prohibits political subdivisions of th[e] [S]tate", including the City, from "substantially burden[ing] a person's exercise of religion, which is defined as the ability to act or refusal to act in a manner substantially motivated by a religious belief, even if that burden results from a rule of general applicability" and is facially neutral. Because, as explained above, the Ordinance renders it impossible for

the Plaintiff's to conduct businesses is motivated wholly by their sincerely held religious beliefs about marriage, free exercise protections clearly apply.

To overcome them, the City must show that enforcing the Ordinance against the Plaintiff's is "[e]ssential to further a compelling governmental interest" and "[t]he least restrictive means of furthering that … interest," i.e., that strict scrutiny is satisfied. Idaho Code § 73-402(3). The City can do neither. Public accommodation laws designed to ensure that protected persons "will not be turned away merely on the proprietor's exercise of personal preference" do not serve a compelling interest when "applied to expressive activity." Hurley, 515 U.S. at 578. In this context, their "object is simply to require speakers to modify the content of their expression to whatever extent beneficiaries of the law choose to alter it with messages of their own." Id. Applying the Ordinance to the Plaintiff's thus serves only to do "exactly what the general rule of speaker's autonomy forbids," id., which is to strip away the "autonomy to control one's own speech" and make "choices of content that in someone's eyes are misguided, or even hurtful," id. at 574. That interest is not legitimate, let alone compelling. See id. at 579 (noting that the First Amendment "has no more certain antithesis" than laws used to "produce thoughts and statements acceptable to some groups"); Dale, 530 U.S. at 657. Nor is the City's interest in compelling the Knapps to perform religious, same-sex marriage rights compelling in practical terms. Because of the right to maintain a living after the business has been established based on the ex post facto clause, there is compelling need for the Plaintiff's to request a TRO. Moreover, when there is "an existing, recognized, workable, and already-implemented" alternative that is "less restrictive" of constitutional freedoms, the government must use it. Hobby Lobby, 134 S. Ct. at 2786 (Kennedy, J., concurring). Other religious actors are already exempted from the Ordinance's scope and there is no reason to exclude the Plaintiff's as a religious organizations from that exception.

The City may also use "educational campaigns," "financial incentives[,] or counter speech, rather than speech restrictions, to advance its [equality] interests." Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 507-08 (1996) (plurality op.). All of these are less restrictive means of accomplishing the City's objectives that would not infringe upon the Plaintiff's right.

Applying the Ordinance to the Plaintiff's Violates Their Substantive Due Process Rights to Freedom of Conscience and to Earn a Living Through the Pursuit of Their Religious Vocation. Under the Fourteenth Amendment, the Plaintiff's have a protected liberty interest in engaging "in any of the common occupations of life, … to worship God according to the dictates of [their] own conscience[s], and generally to enjoy those privileges long recognized as essential to the orderly pursuit of happiness by

free men." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572 (1972) (quotation and alteration omitted).

The Ordinance not only compels the Plaintiff's to not perform medical and religious, procedures and ceremonies in violation of their freedom of conscience, it also forecloses their "right to earn a livelihood and to continue employment unmolested." Truax v. Raich, 239 U.S. 33, 38 (1915). But owning and operating a business in our entrepreneurial society is unquestionably a "privilege[] long recognized ... as essential to the orderly pursuit of happiness by free men." Roth, 408 U.S. at 572; cf. Hobby Lobby, 134 S. Ct. at 2783 (expressing concern that the Affordable Care Act would "effectively exclude [some religious] people from full participation in the economic life of the Nation.").

Indeed, the Supreme Court has long held that the "right ... to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts" of the Due Process Clause. Greene v. McElroy, 360 U.S. 474, 492 (1959). Because the Ordinance renders it impossible for the Plaintiff's to operate their closely-held business based on their religious vocation and to exercise their fundamental rights of conscience, its application to them violates the doctrine of substantive due process. Cf. Hobby Lobby, 134 S. Ct. at 2785 (Kennedy, J., concurring) (explaining that "freedom means" that all citizens have the right "to express [their religious] beliefs and to establish [their] religious (or nonreligious) self-definition in the political, civic, and economic life of our larger community".

The Ordinances' Severe compromising of the Plaintiff's First and Fourteenth Amendment Rights Establishes a Clear Showing of Irreparable Harm. As explained above, see supra Part I, the Ordinance's application to the Plaintiff's violates their First and Fourteenth Amendment rights to freedom of speech, the free exercise of religion, substantive due process, and equal protection. It is beyond dispute "that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting Elrod, 427 U.S. at 373). Likewise, the Knapp's loss of liberty and their closely-held business, either because they are incarcerated and not able to work or because the City has financially ruined them through onerous fines, cannot be restored though Case money damages. The Ordinance, for example, imposes penalties if the Plaintiff's help their patients. Plaintiffs have thus amply established that the Ordinance causes them irreparable harm.

The Balance of Harm and the Public Interest Tip Decidedly in the Plaintiff's Favor. Because the Ordinance's application to the Plaintiff's violates the First and Fourteenth Amendments, the balance of the equities and the public interest tip decidedly in Plaintiffs' favor. It is well established that "the public interest and the balance of the equities favor preventing the violation of a party's constitutional rights."

Ariz. Dream Act Coal. v. Brewer, 757 F.3d 1053, 1069 (9th Cir. 2014). That is even more apparent when the constitutional violation threatens to result in the Plaintiff's' imprisonment or incurrence of substantial fines that would force them to close their doors and lose their livelihood. In stark contrast, "no substantial harm to others can be said to inhere" in preventing the Ordinance's application to the Plaintiff's, Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville, 274 F.3d 377, 400 (6th Cir. 2001), as "neither the [g]overnment nor the public generally can claim an interest in the enforcement of an unconstitutional law," ACLU v. Ashcroft, 322 F.3d 240, 251 n.11 (3d Cir. 2003) (quotation omitted). The balance of harm and the public interest thus both favor Plaintiffs..

## RELIEF SOUGHT-CONCLUSION

The Ordinance's application to the Plaintiff will imminently and irreparably harm them. Its enforcement will deprive them of both their liberty and their constitutional rights. Moreover, every day the Ordinance stays in effect as applied to the Plaintiff jail time and fines accrue. Within a few short days, they could be facing thousands of dollars in fines and years in jail if this Court does not act. Not to mention the funds that it will cost to move or the money that will be lost by the unfair and unconstitutional application of the ordnance. Plaintiffs therefore respectfully request that the Court issue a temporary restraining order enjoining the Ordinance's enforcement against them without delay and schedule for oral arguments as soon as possible.

Respectfully Submitted,

3 · 31 · 16

Ronald Jones II

**IN THE THIRD CIRCUIT COURT**
**STATE OF MICHIGAN**

B.R. – S.O.H. LLC (Sons of Hemp)
Ronald Jones, II
6500 E. Warren Detroit MI;
Miles Green Acres Melanie Faison
19010 Woodward Ave Detroit MI;
Peace of Amsterdam
Carlos Rogers
18665 8 Mile rd Detroit MI;
Taste Budzz313
Aaron Hamilton
12829 Harper Ave Detroit MI;
Family Trees Wellness Center
Ato Austin
19613 Vandyke Detroit MI;
Mary Janes
Quantae Horne
7114 W. Seven Mile rd Detroit MI;
Family Trees Wellness Center
Trevevon Fulton
19741 W. 7 mile rd Detroit MI;
Green Zone Wellness
Benjamin Mosley
13707 W. Mcnichols rd Detroit MI;
Rosedale Park Provisioning Center
Khari Wheeler
18211 W. Mcnichols;
PLAINTIFFS

Vs

City of Detroit Ordinance 31-15
Defendants.

## PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER
## AND/OR PRELIMINARY INJUNCTION AGAINST ORDINANCE 31-15

COME NOW Plaintiffs, in pro per, and moves that this Court issue a temporary restraining order to show cause why a preliminary injunction should not issue pursuant to MCR 3.310 for the following reasons and outlined in the attached brief in support for a temporary restraining

order and/or preliminary injunction restraining and enjoining Defendant and all persons acting at Defendant's direction, including its officers, agents, servants, and employees, from enforcing City Ordinance (the "Ordinance") as applied to them.

Plaintiff has no adequate remedy at law and irreparable harm will follow as a result, thus, Plaintiffs also request that the temporary restraining order remain in effect until such time as the Court dissolves it or grants Plaintiffs' motion for preliminary injunction or other requested relief. Because this lawsuit is brought to vindicate Plaintiffs' First and Fourteenth Amendment rights, Plaintiffs further request that any bond requirement be waived. *See Gilmore v. Wells Fargo Bank N.A.*, 2014 WL 3749984, at *6 (N.D. Cal. July 29, 2014) ("[A] court … has the discretion to waive the bond requirement if there is a high probability of success that equity compels waiving the bond, the balance of the equities overwhelming favors the movant, it appears unlikely that the defendant will suffer any harm as a result of the preliminary injunction, or the requirement of a bond would negatively impact the movant's constitutional rights.").

This case merits expedited consideration, because it involves Plaintiff's that are registered caregiver, healers and ordained ministers who and operate medical facilities called the medical dispensaries and have been adversely affected by laws and ordnances in violations ex post facto clause, because they were in businesses before the challenged ordnance, and are protected as spiritual and religious organizations.

Over the last 2 years, their medical and religious mission has been to help people create, celebrate, and build whole, new and healthy bodies free from pharmacy or chemicals in cancer and other diseases and ailments. And they have ensured that mission is respected by barring anyone but medical patients.

But because racial attacks under the guise of zoning, the ordinance is now legal in Wayne County on April 1st, 2016. Defendant has notified the Plaintiffs that the Plaintiff's must not exercise or perform God given human, cultural and spiritual rights to teach a healthy way of life or violate the Ordinance, which bans places of public accommodation based on unfair and unconstitutional zoning laws by discriminating based on a systematic racial zoning attack orientation in that the zoning will destroy primarily businesses of African Americans, which is why the 14th Amendment was written.

The Plaintiff's cannot perform these healing practices and ceremonies and publicly bless the people with the ancient roots and culture, without violating an unconstitutional ordinance over

their personal religious belief that they have human rights, which include property rights, and their sacred union established by 14th Amendment and nature between man and woman, their cultural doctrines, thus many of the dispensaries are church's in the modern day implicational sense. For this single cause and act, the Ordinance violates the 1st and 14th Amendments. The Plaintiff's to jail and fines. Thus, in one week this continuing violation of the Ordinance alone would subject the Plaintiff's to imprisonment and a lost of commerce that was factored into their budget.

Application of the Ordinance will imminently and irreparably harm the Plaintiff's not only by depriving them of their fundamental rights to the freedom of speech, free exercise of religion, and substantive due process, but also by subjecting them to years of imprisonment and thousands of dollars in fines in just a few short days. Not only would this loss of liberty be irreparable, so too would be the Plaintiff's loss of their closely-held business, the source of their livelihood, which will quickly fold if they are unable to work or are subject to crippling fines. A temporary restraining order is urgently needed to prevent these irreparable injuries and to maintain the status quo while the Court considers the weighty constitutional matters presented in this case.

Plaintiffs therefore respectfully request that the Court issue a temporary restraining order restraining order is urgently needed to prevent these irreparable injuries and to maintain the status quo while the Court considers the weighty constitutional matters presented in this case.

Those matters include the suspension of the U.S. Constitution's Ex Post Facto to secure free enterprise, as well as the suspension of the right to property secured by the 14th Amendment of the U.S. Constitution originally written to stop corporate or racist destruction and control of African American people in a racist America and now by the ordnance Wayne County, Michigan.

Plaintiffs therefore respectfully request that the Court issue a temporary restraining order prohibiting Defendant from enforcing the Ordinance as applied to them. Only an order from this Court will forestall the immediate, irreparable, and irreversible harm posed to the Plaintiff's freedom as registered healers ordained ministers to speak only the medical and religious rituals their religion prescribes and to earn a livelihood from their medical profession free from unreasonable interference by the state.

Even one week without such an order will subject the Plaintiff to years of paying back loans and thousands of dollars in fines from which neither they nor their business will ever recover.

In short, Plaintiffs cannot wait for a preliminary injunction to issue. In support of the Complaint and request for a preliminary injunction and or a Temporary Restraining Order Plaintiff's relies upon the attached memorandum of points and authorities. A proposed order is attached. They respectfully request that the Court resolve this motion as soon as possible.

ORAL ARGUMENTS REQUESTED.

3 31-16

Respectfully submitted this 31st day of March, 2016.

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3rd JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>16-004210-CZ |
|---|---|---|

**Court address**                                                                  Court telephone no.

2 Woodward Ave Detroit, Michigan 48226                           (313) 224-5207

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Sons of Hemp / Ronald Jones<br>6500 E Warren<br>Detroit, Michigan 48207<br>313.415.3976 | v | The City of Detroit / Janice M. Winfrey<br>2 Woodward Ave Suite 200<br>Detroit, MI 48226<br>313-224-3260 |

| Plaintiff's attorney, bar no., address, and telephone no. | |
|---|---|
| | RECEIVED<br>APR 1 5 2016<br>CITY OF DETROIT<br>LAW DEPARTMENT |

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer    pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer    pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| 6500 E Warren Detroit, Michigan 48207 | 2 Woodward Ave Detroit Michigan 48226 |

| Place where action arose or business conducted |
|---|
| 6500 E Warren Detroit Michigan 48207 |

04/13/2016                                               *Ronald Jones*

Date                                               Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | **SUMMONS AND COMPLAINT**<br>Case No. 16-004210-CZ |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |
|---|---|---|

☑ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

Brief In Support of Complaint; Petition for Temporary Restraining Order; Amended Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| The city of Detroit | 2 Woodward Ave, Detroit, Michigan 48226 | |
| Janice M Winfrey | 2 Woodward Ave, Suite 200 Detroit, Michigan 48226 | 4/15/2016 |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

*Rolonda Campbell* (signature)

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature
Rolonda Campbell
Name (type or print)
Mr.
Title

Subscribed and sworn to before me on _____ _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

## STATE OF MICHIGAN
### IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE

Sons of Hemp, et. al.

Petitioners/Plaintiffs,

$C_{ASE}$ # 16-004201-CZ

v.

THE CITY OF DETROIT, MICHIGAN

Defendants.

---

THE CITY OF DETROIT                      SONS OF HEMP

---

## PLAINTIFFS' AMENDED COMPLAINT

NOW COME Plaintiffs, in pro per, and submits the following amended complaint, filed pursuant to MCR 2.118(A)(1), based on the City of Detroit's March 31, 2016 Ordinance 31-16, MMCC Medical Marihuana Caregiver Center, effectively suspending constitutional protections by the challenged ordinance, mandating the Plaintiffs to file an Amended Complaint within 14 days, to clarify and move to intervene regarding an preliminary injunction granted and state the following.

The essence of this amendment and action is the new city medical marihuana law or ordinance is fundamentally disconnected from the 1st and 14th Amendment of the Constitution for the United States, since the African-American Plaintiffs Medical and Cultural centers are mostly in so called Drug Free Zones, which are all per se legal pharmacies and not narcotic distributers. Thus, if religious and cultural norms are to be protected it is only correct and

defensible that the court allow these facilities to operate as religious and cultural centers until the Supreme Court hears the issue, because the city used school zones that had no schools.

A. Amendment of Pleadings. Under MCL 600.2301, the court is authorized "to amend any process, pleading or proceeding." The practice of amendment is governed by court rule. A party may amend a pleading once without the consent of an opponent and without the permission of the court if the amendment is made within 14 days of being served with a responsive pleading. MCR 2.118(A)(1). If the pleading does not require a response, it must be amended within 14 days after serving it. Id.

B. The trial court's failure to articulate the reasons for its denial of a motion to amend a complaint requires reversal unless amendment would be futile. Kincaid v Flint, Mich App (2015) "The fact that an amended complaint would present issues at odds with [a] trial court's decision does not appear to be an accepted particularized reason[]" for denying a motion to amend a complaint un A trial court's decision whether to allow amendments to pleadings is reviewed for an abuse of discretion. Ormsby, 471 Mich at 53. MCR 2.118(A). Kincaid v Flint, Mich Ap (2015). Therefore, they are generally granted. A trial court's decision whether to allow amendments to pleadings is reviewed for an abuse of discretion. Ormsby, 471 Mich at 53.

C. Intervention to secure constitutional rights under review in case of Arthir I. Ibrahim, 16-004116-AA, by the Hon. Daphne Means Curtis of the Third Judicial Circuit of Michigan.

D. Federal Rules of Civil Procedure 24

Intervention is the act of a third party who attempts to become a party in a lawsuit that is already pending between others. Hill v L F Transportation, Inc, 277 Mich App 500, 508 (2008).

a. Intervention of Right A person has the right to intervene in an action by filing a timely application, when: (1) a Michigan statute or court rule provides an unconditional right to intervene; (2) all parties stipulate to the intervention; or (3) the applicant claims an interest in the property or transaction which is the subject of the action, and without intervention, the applicant may not be able to adequately protect his

or her interest, unless the applicant's interest is adequately represented by existing parties. MCR 2.209(A).

b. Permissive Intervention A person may intervene in an action by filing a timely application, when: (1) a Michigan statute or court rule provides a conditional right to intervene; or (2) when an applicant's claim or defense and the main action share a common question of law or fact. MCR 2.209(B). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." MCR 2.209(B)(2).

c. TIMING A right to intervene should be asserted within a reasonable time. D'Agostini v City of Roseville, 396 Mich 185, 188 (1976). "Laches or unreasonable delay by the intervenors is a proper reason to deny intervention." D'Agostini, supra at 188. To be considered a timely application for permissive intervention, the application must be made before an adjudication of the case on the merits. Dean v Dep't of Corrections, 208 Mich App 144, 152 (1994).

E. Decision and Effect. MCR 2.209 should be liberally construed to allow intervention in situations where the intervenor's interests may not be adequately represented. Neal v Neal, 219 Mich App 490, 492 (1996). It may not be proper in cases "where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action." Precision Pipe & Supply, Inc v Meram Constr, Inc, 195 Mich App 153, 157 (1992). It is within the trial court's discretion to determine whether a motion to intervene as of right is timely when the moving party had knowledge of the action, and the motion was not filed until after the circuit court issued its decision. Davenport v Grosse Pointe Farms Zoning Bd, 210 Mich App 400, 408 (1995). Once permitted to intervene, either as of right or by leave, the intervenor becomes a party and is bound by the judgment. BCBSM v Eaton Rapids Community Hosp, 221 Mich App 301, 307 (1997).

F. Costs A party who intervenes in an action as a plaintiff hoping to recover damages from the defendant, but who does not actively participate in the prosecution of the action, is a party in interest for the limited purposes of recovering damages from the defendant and subjecting itself to

the taxation of costs in the defendant's favor, where the defendant is the prevailing party in the action. See BCBSM, 221 Mich App at 309-312, and MCR 2.625(A).

G. Standard of Review A trial court's decision to grant or deny a motion to intervene is reviewed for an abuse of discretion. Hill, 277 Mich App at 507.

H. In Pro Per pleadings expectations. In both civil and criminal cases, a party has a right to represent himself or herself. Const 1963, art 1, § 13. See also MCL 600.1430 and MCL 763.1. Individuals who represent themselves are held to the same standards as members of the state bar. Baird v Baird, 368 Mich 536, 539 (1962); Totman v Royal Oak School Dist, 135 Mich App 121, 126 (1984). An appellate court will not overlook a party's tactical errors or consider documentary evidence that was not submitted ot the trial court merely because a party acted in propria persona. Amorello v Monsanto Corp, 186 Mich App 324, 330-331 (1990); Bachor v Detroit, 49 Mich App 507, 512 (1973). When a litigant elects to proceed without counsel, the litigant is "bound by the burdens that accompany such election." Hoven v Hoven, 9 Mich App 168, 174 (1967). Thus, Amendments must be in writing, dated, and numbered consecutively, and must comply with MCR 2.113. Unless otherwise indicated, this amended pleading supersedes the former pleading. MCR 2.118 A 4, and the court has the power to amend process, pleading or proceeding either in form or substance, for the furtherance of justice, on such terms are just, at any time before judgment rendered therein. MCLA 600.2301.

I. STANDING HAS BEEN ESTABLISHED BY FACTS. Legal actions must be prosecuted in the name of the real party in interest. MCL 600.2041; MCR 2.201(B). "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." BCBSM v Eaton Rapids Community Hosp, 221 Mich App 301, 311 (1997). See also MCL 600.2041 and MCR 2.201(B)(1). MCR 2.201(C) governs an individual's or an entity's capacity to sue or be sued. Where the individual is a minor or incompetent person, MCR 2.201(E) controls. "[A] litigant has standing whenever there is a legal cause of action. Further, whenever a

litigant meets the requirements of MCR 2.605 [(declaratory judgments)], it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." Lansing Schools Ed Ass'n v Lansing Bd of Ed, 487 Mich 349, 372 (2010), overruling Lee v Macomb Co Bd of Comm'rs, 464 Mich 726 (2001). Standard of review. Standing is a question of law that is reviewed de novo. Lee, 464 Mich at 734, rev'd on other grounds Lansing Schools Ed Ass'n, 487 Mich 349 (2010).

J. Legal actions must be prosecuted in the name of the real party in interest. MCL 600.2041; MCR 2.201(B). "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." BCBSM v Eaton Rapids Community Hosp, 221 Mich App 301, 311 (1997). See also MCL 600.2041 and MCR 2.201(B)(1). MCR 2.201(C) governs an individual's or an entity's capacity to sue or be sued. Where the individual is a minor or incompetent person, MCR 2.201(E) controls. "[A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605 [(declaratory judgments)], it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing.

K. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." Lansing Schools Ed Ass'n v Lansing Bd of Ed, 487 Mich 349, 372 (2010), overruling Lee v Macomb Co Bd of Comm'rs, 464 Mich 726 (2001). Standard of review. Standing is a

question of law that is reviewed de novo. Lee, 464 Mich at 734, rev'd on other grounds Lansing Schools Ed Ass'n, 487 Mich 349 (2010).

L. The ordinance acts as a Bill of Attainer, because it is a legislative determination imposing punishment without due process or trial of the matter, Bill of Attainer synonyms Bill of PAIN AND PENALITIES, in this case for being people of color.

1. Plaintiffs are residents of Wayne County, Michigan.

2. All Plaintiffs and Plaintiff Sons of Hemp, are domestic corporations doing business in Wayne County, Michigan.

3. Defendant operates and governs business in Wayne County Michigan.

4. Defendant, is a domestic corporation doing business in Wayne County, Michigan.

5. Defendant is also a government entity violating 42 USC Sections 1983-1985.

6. The incidents subject to this cause of action arose in the Detroit, Wayne County, Michigan.

7. Damages in this case exceed $25,000 exclusive of attorney fees, cost and interest.

8. Venue is proper pursuant to MCL 600.1621 and MCL 600.1629.

9. Jurisdiction rests in this honorable Court pursuant to MCL 600.2918, and the court's general jurisdiction.

## FACTUAL AND LEGAL BACKGROUND

10. The Plaintiffs, which are Citizens and Business owners brought an action against the city, the city council, and known pharmaceuticals interest, because competing corporate pharmacies such as Walgreens and CVS pharmacies are allowed in rearranged and challenged zoning. This challenge is based on clearly unconstitutional decisions by Council members and their unknown corporate interest, based on creating zones based on schools that did not exist.

The Plaintiff is claiming that the rezoning violated their rights to fundamental fairness, due process and equal protection, thus the ordinance was unconstitutional and constituted a regulatory taking, in violation of the ex post facto clause, as well as many Universal Declaration of Human Rights and other constitutional rights, which the Courts uphold.

11. The complaint establishes that because the Plaintiffs legally entered into business before the ordinance, and were proprietary in nature are thus subject to estoppels to stop unconstitutional taking of property, and the destruction of their economy, roots and culture.

12. In review of the matter at hand, business owners contend, that the city's rezoning ordinances are and were arbitrary, capricious, and unreasonable; because the city violated the Plaintiffs' equal-protection rights when it used school zones for school which have not operated in years, which it knew were none existent or should have known were not there, and thus used these none existent zones to punish American Caregivers, who are of color and thus violating the essence of the 14th Amendment. See *Thuragood Marshall's* use of the 14th Amendment to stop these types of abuses.

Therefore, this amendment clarifies that the rezoning was an unconstitutional taking, because the constitution forbids the gangster take over based on abusing a race based on stereotypes, and the city is not entitled to governmental immunity, because they violated the roots and culture of the Plaintiffs, thus the 1st and 14th Amendments.

Also on review, the court should agree, finding that the owners properly plead a true equal protection claim, as they did claim that they were treated differently than any other landowner/business-owners, and that only that they himself was treated differently at different times as a result of the unconstitutional process to attack them based on school zones, with no school in it, or chemical pharmacies next door to their operation which must close down.

13. Further, the Plaintiffs have a vested human and property right in any particular zoning classification, as the approval process was not a legislative act subject to the discretion of the city, because it was banned by the 1ˢᵗ and 14ᵗʰ Amendment, and the council members should have known that the capricious act violated the oath of office, see the 14ᵗʰ Amendment. Thus, the city's decisions were not rationally related to the general welfare; namely, protecting African American residents from the negative impact of racist corporate rezoning behind the scenes and attacking people of colors maintaining cultural quality of life, that came with them from Africa.

The Plaintiffs had no meaningful opportunity to be heard as to the effects on schools that have been shut down for years, their culture, their religion, budget, or moving in a considerable time, thus proper notice and an opportunity to be heard regarding the cultural and religious protections therefore City should have no right to have any of the Plaintiffs applications denied or approved.

14. **Constitutional Law:** To comply with the procedural and substantive due process, zoning decisions needed to be rationally related to legitimate government interests, not negative media or corporate interest, because it was fraud to use zones that truly did not exist, and the city knew or should have known before they rezoned or denied the applications.

The Ordinance overlooked the protected classes of people in the rezoning. The court should set aside a zoning determination for a substantive due process violation unless the action has a constitutional foundation that overrules the people due process protections, in reason and is not a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare. Based on roots, culture, religion and heritage of herbology.

The Plaintiff have met the burden of overcoming the presumption of validity of the city's conduct in the exercise of its legislative authority and in proving the city's conduct was unreasonable, which the evidence of no school in school zone does, or the attack on Naturopathic Pharmacies.

With respect to the facts common to all counts, and the motion to intervene. Plaintiffs also incorporate the preceding paragraphs by reference to add parties to the complaint and also request for a Temporary Restraining Order or Preliminary Injunction.

> 16. On April 1st, 2016, the Plaintiff's were lawfully operating in their businesses and home based businesses, was also based out of their roots and culture and should be protected under the 14th Amendment based on the litigation and judgment acquired by Supreme Court Justice Thurgood Marshall.
>
> 17. Plaintiffs were operating at their businesses pursuant to a statute executed between the people of Michigan, the Plaintiffs and Defendants the City of Detroit.
>
> 18. Therefore, Plaintiff re-alleges and incoprporate by reference each allegation and count, from the case Fatair v City, 16-004116-AA, points 6-68.

19. At the time, Plaintiffs' possessory interest in the property was being legislated away with Defendants unconstitutional actions. Defendant filed an ordinance against Plaintiff's and on March 31, 2016, in Detroit's Circuit Court, the Plaintiffs filed the above captioned case.

20. The District Court ruled in favor of the Plaintiffs and the Plaintiffs need to secure the for possible Supreme Court review.

21. These issues contained in the Preliminary injunction just granted on 4/1/16, should now be provided to the Plaintiffs, because they have not been waived or foreclosed and request for the courts' action is based on its oath to stop abuses of authority with the judicial branch.

22. The Plaintiff also incorporates by reference to the law and its effect exhibits A-E.

23. This ambush-style legislation was for eviction and was highly traumatic and disruptive to Plaintiffs' lives. They were completely unprepared for it and had no reason to think they would be evicted and dispossessed in violation of their constitutional rights, secured by the blood sweat and tears of their ancestors struggles to obtain the 14th amendment to stop oppression, which the plaintiffs now suffer.

## AMENDED COUNT I – MCL 600.2918

24. Plaintiffs incorporate the preceding paragraphs by reference.

25. MCL 600.2918 prohibits a property owner's forcible entry and detainer or unlawful interference with a resident's possessory interest, which includes the "[u]se of force or threat of force" and "[r]emoval, retention, or destruction of personal property of the possessor."

26. Defendants' aforementioned actions violated MCL 600.2918, as the eviction occurred illegally, without proper endorsement by the court, and without proper notice and communication with Plaintiffs.

27. Defendants' actions harmed Plaintiffs.

## AMENDED COUNT II – FRAUD BY THE CITY

28. Plaintiffs incorporate the preceding paragraphs by reference.

29. Defendants have a legal obligation (as officers of the Court and otherwise), to truthfully represent the status of legal proceedings before the Court and Plaintiffs.

30. Defendants actively misrepresented the status of legal proceedings to the Court and improperly communicated with the Court to effectuate the unlawful eviction of Plaintiffs. Defendants' concealment, deceit, deception, misrepresentations, and nefarious motives constitute fraud and "fraud on the court."

31. Defendants engaged in concealment, suppression of the truth, and dishonesty; such actions constitute "actual fraud," based on no schools in the so called school zones.

32. Similarly, Defendants committed "constructive fraud" or "legal fraud" through acts of omission and deceit, to Plaintiffs and the Court.

33. Defendants actions harmed Plaintiffs and all other Counts and damages are in the initial complaint.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order awarding the following:

1. The motion to intervene granted and the full extent of damages allowed under the law;

2. Appointment of Constitutional counsel.

3. any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully Submitted,

Ronald Jones II

April 7, 2016

## IN THE THIRD CIRCUIT COURT
## STATE OF MICHIGAN

B.R. – S.O.H. LLC (Sons of Hemp)
Ronald Jones, II
6500 E. Warren Detroit MI;
Miles Green Acres Melanie Faison
19010 Woodward Ave Detroit MI;
Peace of Amsterdam
Carlos Rogers
18665 8 Mile rd Detroit MI;
Taste Budzz313
Aaron Hamilton
12829 Harper Ave Detroit MI;
Family Trees Wellness Center
Ato Austin
19613 Vandyke Detroit MI;
Mary Janes
Quantae Horne
7114 W. Seven Mile rd Detroit MI;
Family Trees Wellness Center
Trevevon Fulton
19741 W. 7 mile rd Detroit MI;
Green Zone Wellness
Benjamin Mosley
13707 W. Mcnichols rd Detroit MI;
Rosedale Park Provisioning Center
Khari Wheeler
18211 W. Mcnichols;
PLAINTIFFS

Vs

City of Detroit Ordinance 31-15
Defendants.

---

## PROOF OF SERVICE

Ronald Jones and Rolondo Campbell declares that on 3/31/2016, they served a copy of, Complaint against the city of Detroit for the issuance of ordinance 31-15 in violation of the constitution.; Brief in support in of complaint.; Plaintiffs petition for temporary restraining order and/or preliminary injunction

against ordinance 31-15.; Plaintiffs amended complaint. Temporary Restraining order and to show cause at session of the court, held in City of Detroit, County of Wayne, State of Michigan, on 4/13/2016. together with this proof of service upon the following, The City of Detroit / Janice M. Winfrey by 1st class mail.

Rolondo Campbell

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. 16-004210-CZ |
| --- | --- |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | OR | ☐ AFFIDAVIT OF PROCESS SERVER<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |
| --- | --- | --- |

☑ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with

List all documents served with the Summons and Complaint

Brief In Support of Complaint; Petition for Temporary Restraining Order; Amended Complaint

16-004201-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/15/2016 12:44:09 PM
CATHY M. GARRETT

| Defendant's name | Complete address(es) of service | |
| --- | --- | --- |
| The city of Detroit | 2 Woodward Ave, Detroit, Michigan 48226 | |
| Janice M Winfrey | 2 Woodward Ave, Suite 200 Detroit, Michigan 48226 | 4/15/2016 |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

Signature

Rolondo Campbell
Name (type or print)
Mr.
Title

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Subscribed and sworn to before me on _____ County, Michigan.
                                    Date

My commission expires: _____ Signature: _____
                        Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with *Brief In Support;*
                                                                                    Attachments

*Petition he temp Res ORDER, Amended* on 4/15/2016
                                        Day, date, time

*MRS. Payton* 313.224.1352 on behalf of *The City of Det*
Signature

## IN THE THIRD CIRCUIT COURT
## STATE OF MICHIGAN

B.R. – S.O.H. LLC (Sons of Hemp)
Ronald Jones, II
6500 E. Warren Detroit MI;
Miles Green Acres Melanie Faison
19010 Woodward Ave Detroit MI;
Peace of Amsterdam
Carlos Rogers
18665 8 Mile rd Detroit MI;
Taste Budzz3 13
Aaron Hamilton
12829 Harper Ave Detroit MI;
Family Trees Wellness Center
Ato Austin
19613 Vandyke Detroit MI;
Mary Janes
Quantae Horne
7114 W. Seven Mile rd Detroit MI;
Family Trees Wellness Center
Treveven Fulton
19741 W. 7 mile rd Detroit MI;
Green Zone Wellness
Benjamin Mosley
13707 W. Menichols rd Detroit MI;
Rosedale Park Provisioning Center
Khari Wheeler
18211 W. Menichols;
PLAINTIFFS

16-004201-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/19/2016 8:23:26 AM
CATHY M. GARRETT

/s/ Katrina Ross

Vs

Case No.16-004210-CZ

City of Detroit Ordinance 31-15
Defendants.

### Show Cause Order

### At session of the court, held in City of Detroit,

### County of Wayne, State of Michigan, on 4/15 16.

**Present: Hon. John Murphy**

This matter having come before the Court on Plaintiffs' Motion ("Motion ") to Show Cause, and Preliminary Injunction, April 15th, 2016, a hearing having been conducted on April 15, 2016, the Court being otherwise fully advised in the premises, to preserved the status quo and prevent irreparable harm as alleged in the Verified Complaint and for reasons stated on the record;

IT IS ORDERED that:

A. A Show cause order is issued to enjoin Defendant from taking any action arising from or relating to the amendment to Chapter 61 of the Defendant's Zoning Ordinance, thereby designating Plaintiffs' Primary Caregiver use as a Controlled Use, which would prevent and/or otherwise interfere with Plaintiffs'' use of Plaintiffs' Properties as State of Michigan licensed Primary Caregiver at Plaintiffs' Properties by providing Marihuana for a Medical Use to Use to Qualifying Patients registered with the State of Michigan; *and*

B. Defendant is ordered to appear before this Court on May 20th,2016, to show cause, if any, why the Motion should not be granted in its entirety, including conversion of the Order to show cause into a preliminary injunction.

C. This Order to show cause expires after the Show cause hearing by this honorable Court; on May 20th 2016

D. This Show Cause order only applies to the Plaintiffs in the pending case; and

E. The parties may have expedited discovery for ten (10) days.

**F. PLAINTIFF SHALL SERVE THE DEFENDANT WITHIN 3 DAYS.**

IT IS SO ORDERED.

4/19/2016                                    /S/ JOHN A. MURPHY

DATE                                         CIRCUIT COURT JUDGE